**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **KATY ESCOBAR PAGOADA,** | § | |
| | § | |
| *Petitioner*, | § | |
| **v.** | § | |
| | § | |
| **MARY DE ANDA-YBARRA,** | § | |
| *Acting/Director of El Paso Field Office, U.S.* | § | |
| *Immigration and Customs Enforcement*; | § | |
| **WARDEN, EL PASO PROCESSING** | § | **EP-26-CV-00385-DCG** |
| **SERVICE CENTER;** | § | |
| **MARKWAYNE MULLIN,** | § | |
| *Secretary of the U.S. Department of* | § | |
| *Homeland Security*; **and** | § | |
| **TODD BLANCHE,** | § | |
| *Acting Attorney General of the United States,* | § | |
| *in their official capacities*, | § | |
| | § | |
| *Respondents.* | § | |

## ORDER REGARDING *PRO SE EX PARTE* LETTER

On or around April 29, 2026, Petitioner Katy Escobar Pagoada mailed a letter directly to the undersigned Judge.[1]  The letter asks the Court to rule promptly on the habeas petition that her attorney filed on her behalf.[2]

---

[1] *See* Letter, ECF No. 8, at 1.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[2] *See id.* ("My motive for this letter for this letter [sic], is to plead with you Your Honor to please take my Habeas Corpus case into consideration.  I have been waiting graciously and patiently for two months for a decision for my case. . . . I am pleading with you Your Honor, to please respond to my case . . . ."); *see also* Pet., ECF No. 1.

The Court received that letter on May 5, 2026.[3]  For reasons that aren't immediately apparent from the record, the Clerk of Court's office didn't post that letter to the case docket until May 29, 2026.[4]

## I.    DISCUSSION

The Court will not consider Petitioner's letter for two reasons.  First, an attorney represents Petitioner in this matter.[5]  Only Petitioner's attorney may file documents on Petitioner's behalf.[6]

Second, as far as the Court can tell from the letter and the envelope it arrived in, Petitioner didn't send a copy of the letter to Respondents' counsel.[7]  The letter thus appears to be an "*ex parte* communication"—a communication that a litigant makes directly to the Court

---

[3] *See* Envelope, ECF No. 8, at 2.

[4] *See* Letter at 1.

[5] *See, e.g.*, Pet. at 17 (Petitioner's counsel's signature).

[6] The Court previously informed Petitioner that she may only file documents through her attorney when the Court dismissed a duplicative habeas petition that Petitioner attempted to file *pro se*.  *See* Order Dismissing Case at 2–3, *Escobar Pagoada v. DHS*, No. 3:26-CV-01197 (W.D. Tex. May 5, 2026), ECF No. 5 (Guaderrama, J.) [hereinafter Dismissal Order] ("On April 24, 2026, Petitioner filed a second habeas corpus case.  Her Proposed Second Petition seeks essentially the same relief as the First: namely, a bond hearing.  The only significant difference is that Petitioner filed the Proposed Second Petition *pro se*—that is, on her own behalf, rather than through her attorney. . . . As this Court has explained elsewhere, a party is not entitled to hybrid representation—that is, to simultaneously proceed *pro se* and through counsel.  In other words, a party has a right to represent herself or to be represented by an attorney, but she cannot have it both ways.  Here, Petitioner's attorney has already filed a habeas corpus petition on her behalf.  Petitioner's attorney has not withdrawn as Petitioner's habeas counsel, so Petitioner cannot file a successive *pro se* petition of her own that seeks the same relief." (citation modified)).

Because the Court did not issue that order until May 5, 2026, *see id.* at 4, Petitioner was not yet aware of the prohibition against hybrid representation when she mailed her letter to the courthouse on or around April 29, 2026.  *See supra* note 2 and accompanying text.  The Court thus has no reason to believe that Petitioner knowingly disregarded the Court's admonishment that she may only file documents through her attorney.

[7] *See* Letter at 1; Envelope at 2.

without including the other parties.[8]  With narrow exceptions that don't apply here,[9] the Judiciary's ethical rules forbid Judges from considering or acting upon such communications.[10]

Where, as here, "a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested."[11]  The Court has already done the former by posting Petitioner's *ex parte* letter to the case docket.[12]  The Court will give Respondents an opportunity to respond to Petitioner's *ex parte* communication below.

## II.    CONCLUSION

Respondents **MAY FILE** a response to Petitioner's *ex parte* letter (ECF No. 8) by **June 22, 2026** if they so choose.

As stated, however, the Court doesn't presently intend to take any further action on Petitioner's letter irrespective of whether Respondents respond to it.

The Court **ADMONISHES** Petitioner not to send further communications directly to the courthouse (whether *ex parte* or otherwise).  If Petitioner wishes to communicate with the Court, she must do so through a formal court filing, submitted by her attorney, that complies with the Federal Rules of Civil Procedure and all other applicable laws and rules.

---

[8] *See Communication*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining an "*ex parte* communication" as "[a] communication between counsel or a party and the court when opposing counsel or party is not present," and noting that "[s]uch communications are ordinarily prohibited").

[9] *See* CODE OF CONDUCT FOR UNITED STATES JUDGES, CANON 3(A)(4)(a)–(d).

[10] *See* CODE OF CONDUCT FOR UNITED STATES JUDGES, CANON 3(A)(4) ("Except as set out below, a judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers.").

[11] *See id.*

[12] *See* Letter at 1.

The Court respectfully encourages Petitioner's counsel to **EDUCATE** his client that *ex parte* communications and hybrid representation are impermissible.[13]

Finally, the Court **DIRECTS** the Clerk of Court to **SUBSTITUTE** the named Respondents in this case as follows:

(1)    substitute Acting Attorney General Todd Blanche for Former Attorney General Pam Bondi; and

(2)    substitute Current DHS Secretary Markwayne Mullin for Former Secretary Kristi Noem.[14]

The Clerk of Court **SHALL MAIL** this Order to:

Katy Escobar Pagoada
El Paso Service Processing Center
8915 Montana Avenue
El Paso, TX 79925

**So ORDERED and SIGNED this 8th day of June 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[13] *See* Dismissal Order at 3 (similarly encouraging Petitioner's counsel "to educate his client that hybrid representation is impermissible" (emphasis omitted)).

[14] *Compare* Pet. at 5 ("Respondent Kristi Noem is the Secretary of the Department of Homeland Security . . . . and is sued in her official capacity."), *and id.* ("Respondent Pamela Bondi is the Attorney General of the United States. . . . She is sued in her official capacity."), *with* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.  Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").