UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| KATY ESCOBAR PAGOADA, | § § § § § | |
| *Petitioner*, | § | |
| v. | § § | |
| MARY DE ANDA-YBARRA, *in her official capacity as* Director of El Paso Field Office, U.S. Immigration and Customs Enforcement; | § § § § | EP-26-CV-00385-DCG |
| WARDEN of El Paso Service Processing Center; | § § § | |
| MARKWAYNE MULLIN, *in his official capacity as* Secretary of the U.S. Department of Homeland Security; *and* | § § § § | |
| TODD BLANCHE, *in his official capacity as* Acting U.S. Attorney General, | § § § § § | |
| *Respondents*. | § | |

## FINAL JUDGMENT

On July 9, 2026, the Court granted Petitioner Katy Escobar Pagoada's Petition for Writ of

Habeas Corpus (ECF No. 1) and ordered Respondents to take the following actions:

(1)     by July 16, 2026, release Petitioner from custody under appropriate and lawful conditions of supervision; *and*

(2)     by July 23, 2026, notify the Court that Petitioner was released from custody.[1]

Respondents timely confirmed that Petitioner was released from custody.[2]

---

[1] *See* Order Granting Pet., ECF No. 14, at 5.

[2] *See* Resp'ts' Advisory, ECF No. 15.

Petitioner has obtained the habeas relief to which she is entitled, so there appears to be nothing further for the Court to do in this case. The Court now enters its Final Judgment under Federal Rule of Civil Procedure 58.[3]

There being no just cause for delay, this is a **FINAL** and **APPEALABLE** judgment.

The Court **CLOSES** the above-captioned case.

**So ORDERED and SIGNED this 5th day of August 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[3] FED. R. CIV. P. 58(a) ("Every judgment and amended judgment must be set out in a separate document . . . .").

See RULES GOVERNING SECTION 2254 CASES ("Habeas Rules"), Rule 1(a) ("These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254").

See also Habeas Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"); Habeas Rule 12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").